IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAVID THAYER                                                                                    PLAINTIFF

V.                             CASE NO. 1:16-CV-00111-JTK

NANCY BERRYHILL, *Acting Commissioner*
Social Security Administration                                                          DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff, David Thayer, appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) based on disability[1]. Both parties have submitted appellate briefs, and the case is ready for a decision. The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. For the reasons outlined below, the decision of the Commissioner is affirmed.

## Procedural History

Plaintiff protectively filed his application for benefits on December 18, 2013, alleging a disability date of November 4, 2013. (Tr. 196-203) Disability Determination Services (DDS) denied the claims initially and upon reconsideration. Plaintiff timely

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

1

requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. The Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed his action in federal court.

**Administrative Proceedings**

An administrative hearing was held on March 18, 2015, and was attended by Plaintiff, his two attorneys, and the vocational expert. (Tr. 58-101) Plaintiff was 53 years old at the time of the administrative hearing and had not engaged in substantial gainful activity since his alleged onset date. (Tr. 61-62) He completed eleventh grade and subsequently received his GED. (Tr. 61) Plaintiff has past relevant work as a sheet metal worker, truck driver, welder, and landscape supervisor. (Tr. 49) The ALJ considered Plaintiff's impairments by way of the required-five step sequential evaluation process[2] and found Plaintiff had the severe[3] impairments of: neuropathy, status post history of lumbar surgery, status post bicep tear of the non-dominant upper extremity, carpal tunnel syndrome, and somatic symptom disorder. (Tr. 43) The ALJ found Plaintiff did not have

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

[3] An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520. An impairment is "nonsevere" when medical or other evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521.

an impairment or combination of impairments that met or medically equaled the severity of a listing. (Tr. 44-45)

In addition, the ALJ determined that Plaintiff had the residual functional capacity[4] (RFC) to perform light work.[5] Specifically, the ALJ found that Plaintiff could only occasionally stoop, crouch, bend, kneel, crawl, and balance; can perform frequent bilateral fingering and handling; occasional overhead reaching in the non-dominant upper extremity; and is limited to simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete. (Tr. 45) In making his determination, the ALJ noted that, while the Plaintiff's impairments could reasonably be expected to cause the symptoms alleged, the statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely credible. (Tr. 46) The ALJ further found that, while Plaintiff was unable to perform any of his past relevant work, there were other jobs that existed in significant numbers in the national economy that she could perform (i.e. cashier II and office helper). (Tr. 50) Consequently, the ALJ concluded Plaintiff was not disabled.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind

---

[4] The RFC is "the most [a claimant] can do despite" his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a).

[5] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. 404.1567(b).

3

might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)).  The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).  However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings."  *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987).  "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis."  *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)).  "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'"  *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues that substantial evidence does not support the ALJ's decision to deny benefits.  Specifically, he argues that the ALJ erred by concluding that he retained the RFC to perform light work activity.  The Defendant argues that the ALJ properly developed the record and determined Plaintiff's RFC.

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted).

4

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. 20 C.F.R. § 416-946.

Here, the RFC determination is supported by substantial evidence. The ALJ properly considered all of the relevant evidence in the record to make his RFC determination, including Plaintiff's descriptions of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. Plaintiff claims it was error for the ALJ to find that he could perform light work given an evaluation from his consulting physician, Dr. Farrow, in April of 2014, in which he noted that Plaintiff would be able to lift up to 25 pounds and sit and/or stand for limited intervals for a full workday in an environment that would allow the use of a cane. (Tr. 427) The ALJ accorded little weight to the portion of Dr. Farrow's opinion regarding the use of an assisted device because he states that the "record does not indicate that its use was prescribed by a treating physician." (Tr. 47). *See Raney v. Barnhart*, 396 F. 3d 1007 (8th Cir. 2005) (finding that the ALJ's RFC findings were supported by substantial evidence when the record did not reflect the use of a cane as medically necessary). The Court agrees that the record does not reflect the Plaintiff's use of a cane as being medically necessary. Furthermore, the ALJ noted that his RFC adequately accommodated the claimant's history of lumbar surgery "without evidence of significant treatment sought or administered and only mild osteoarthritis of the bilateral hips." (Tr. 47) On June 18, 2014, Dr. John A. Campbell examined the Plaintiff and in his report he stated that his x-rays showed "very

5

mild degenerative changes in the hip joints" and a "very mild facet degeneration" of the lumbar spine immediately above the fusion at the L4-5 level. (Tr. 470)  The ALJ also points out that, in April of 2014, Dr. Farrow notes that Plaintiff exhibited good tone and 4/5 strength in all muscle groups. (Tr. 47)  The record as a whole does not support Dr. Farrow's assertion that Plaintiff is limited to sitting and/or standing for limited intervals of a workday with use of a cane.

Next, Plaintiff argues that a diagnosis by Dr. Mario Cauli in June 2014, of mild bilateral ulnar neuropathy at the elbow, mild right carpal tunnel syndrome, and early sensory neuropathy of the left upper extremity is inconsistent with the ALJ's finding that Plaintiff could perform frequent bilateral fingering and handling. (DE # 11, p. 24-25) The Court disagrees.  Just two months earlier, during a physical consultative examination, Dr. Farrow noted that Plaintiff exhibited 4/5 grip strength with adequate fine motor movements, dexterity, and the ability to grasp objects bilaterally. (Tr. 427).  As previously discussed, Dr. Farrow also stated that Plaintiff exhibited 4/5 bilateral strength in all muscle groups. (Tr. 47) Dr. Farrow's assessment is supported by the record evidence.

In his final argument, the Plaintiff states that it was error for the ALJ to afford great weight to the opinions of non-examining agency physicians in determining the Plaintiff's RFC.  The ALJ noted that the examiner's opinions are supported by evidence in the record "including the claimant's subjective report of being able to lift up to 25 pounds, findings of mild carpal tunnel syndrome, and findings of mild degenerative processes of the back and hips." (Tr. 49) An ALJ is permitted to give significant weight to state agency doctors if their opinions are supported by the record. *See Wagner v. Astrue*, 499 F.3d 842, 847-49

(8th Cir. 2007) (affirming the Commissioner, who placed greater weight on the state agency physicians than the treating physicians). The record shows that the ALJ examined the entire record when deciding how much weight to place on each medical opinion.

Lastly, the ALJ noted Plaintiff's daily activities were inconsistent with his allegations of pain. Plaintiff noted in his function report that he helps his parents around the house, takes care of a pet, prepares his own meals, performs household chores, drives a car, grocery shops, and attends church.  Further, the ALJ noted the absence of objective medical evidence to support Plaintiff's allegations of disabling symptoms and limitations. Specifically, stating that the medical findings did not support the existence of limitations greater than those reported in Plaintiff's RFC.  *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007) (finding substantial evidence to supports the RFC determination because the ALJ's RFC was supported by medical evidence that sufficiently allowed for an understanding of how Plaintiff's limitations functioned in a work environment).

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole that supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see*

*also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). Here, there is no evidence from any source found in the record to indicate that Plaintiff is incapable of all work activity.  The Commissioner's decision is not based on legal error. Accordingly for the reasons set forth above, the final decision of the Commissioner is affirmed.

    IT SO ORDERED this 10th day of August, 2017.

_____
UNITED STATES MAGISTATE JUDGE